UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X
STEVEN MAVRONAS,

                            Plaintiff,          :    Civil Action No:

      -against-                                  :    **COMPLAINT**

ANDERSON AVE LLC a/k/a/ SEDONA        :    JURY TRIAL DEMANDED
TAPHOUSE, and MENDI ZUTA,

                            Defendants.   :
-----------------------------------------------------------------X

        Plaintiff, STEVEN MAVRONAS, by and through his attorneys, alleges, upon personal knowledge as himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. This is an action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §201 et seq. and the New Jersey Wage & Hour Law ("NJWHL"), §34:11-56a25.

2. Plaintiff brings this proceeding to remedy retaliation for engaging in statutorily protected activity under the FLSA, 29 U.S.C. § 215(a)(3), and the NJWHL ,§34:11-56a25, insofar as that on January 4, 2021, the same day that Plaintiff objected to Defendants' illegal pay practices, Defendants fired him.

3. Specifically, Plaintiff objected to Defendants' failure to pay any wages to Plaintiff and other servers and bartenders who worked for Defendants. Defendant MENDI ZUTA fired Plaintiff after the end of his shift that day.

4. Defendants' actions were unlawful, and Plaintiff brings this action for declaratory and injunctive relief, lost earnings, compensatory damages, liquidated damages, attorneys' fees and costs and other appropriate equitable and legal relief.

1

## JURISDICTION AND VENUE

5. Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Jurisdiction of this Court over Plaintiff's NJWHL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NJWHL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

7. Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants maintain their principal places of business in, do business in, and accordingly reside in, this District.

8. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

9. Plaintiff STEVEN MAVRONAS ("Plaintiff") resides in the State of New Jersey.

10. Plaintiff was employed by Defendants, at their restaurant, as a server and then as a bartender, as described herein, from approximately May until October, 2019, and then again from August, 2020, until he was fired on January 4, 2021.

11. At all times relevant to the within action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(c) and the NJWHL.

12. Defendant ANDERSON AVE LLC a/k/a/ SEDONA TAPHOUSE ("Sedona") is a New Jersey Limited Liability Company with its principal place of business at 679 Anderson Avenue in Cliffside Park, New Jersey.

13. Defendant MENDI ZUTA ("Zuta") is an individual who at all times relevant herein, owned, operated and controlled the day-to-day operations and management of Sedona.

14. At all relevant times Defendant Zuta had, and exercised, the power to hire, fire, and control the wages and working conditions of Plaintiff.

15. Defendants Sedona and/or Zuta grossed more than $500,000.00 in each of the last three calendar years, individually and collectively.

16. At all relevant times, each of the Defendants have been, and continues to be, an "employer", regularly engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NJWHL.

## FACTUAL ALLEGATIONS

17. The Defendants operate a casual dining restaurant, serving, *inter alia*, craft beers, hand-cut steaks, and seafood, called Sedona Taphouse, in Cliffside Park, New Jersey.

18. Following a prior period of employment with Defendants as a server, Defendants hired Plaintiff to again work for them, as a bartender, in or about late August or early September, 2020.

19. Plaintiff worked for Defendants until he was fired on January 4, 2021, at the end of his shift.

20. On his last day of work for Defendants, January 4, 2021, Plaintiff participated in an employee meeting, at Defendants' restaurant.

21. At the meeting, which included in attendance all of the employees who worked that shift – including but not limited to Isabella, Carlos, Garret, Lauren, and Andy - and Defendant Zuta, Plaintiff voiced his support for other employees who objected to Defendants' illegal pay practices.

22. Specifically, Plaintiff voiced his objections to Defendants' policy of not paying any wages to Plaintiff and other servers and bartenders who worked at Sedona.

23. Plaintiff supported others who objected to Defendants' policy of not paying any wages and told Defendant Zuta that he refused to clock in or out if Defendants would not start paying him.

24. Defendant ZUTA was not happy with Plaintiff and quickly ended the meeting.

25. Defendant ZUTA personally fired Plaintiff after the end of his shift that day.

26. Defendants fired Plaintiff as payback and retaliation for Plaintiff having publicly announced his objections to Defendants' illegal policy of not paying any wages to Plaintiff and other servers and bartenders who worked at Sedona.

27. At all times prior to Plaintiff being fired by Defendants, Plaintiff performed his job duties in a satisfactory manner.

28. Prior to his firing, Defendants had never taken any disciplinary action against him or issued any criticism of Plaintiff's job performance.

29. Prior to his firing, Defendants never warned Plaintiff or even mentioned that Plaintiff's job was in jeopardy.

30. Because of the difficult economy, Plaintiff has not been able to secure other consistent employment since his illegal termination by the Defendants.

31. Defendants, by the above referenced conduct, unlawfully retaliated against Plaintiff, in violation of the FLSA and the NJWHL, by taking an adverse employment action after he objected to, and complained about, Defendants' unlawful wage practices.

32. Defendants knew of, and/or showed reckless disregard for, the FLSA's and the NJWHL's anti-retaliation statutes.

33. Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' actions unless and until this Court grants the relief requested herein.

## FIRST CLAIM FOR RELIEF
### (Unlawful Retaliation – FLSA)

34. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

35. By the above referenced conduct, Defendants retaliated against Plaintiff in violation of 29 U.S.C. § 215(a)(3).

36. Defendants violated 29 U.S.C. § 215(a)(3) by firing Plaintiff after he objected to, and complained about, Defendants' unlawful wage practices.

37. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff's statutorily protected rights.

38. As a consequence of Defendants' retaliatory actions in violation of the FLSA, Plaintiff has suffered, is now suffering and will continue to suffer irreparable injury and monetary damages, including lost wages, and is entitled to compensatory, liquidated, and punitive damages, as well as injunctive relief.

## SECOND CLAIM FOR RELIEF
### (Unlawful Retaliation – NJWHL)

39. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

40. Defendants, by the above referenced conduct, unlawfully retaliated against Plaintiff in violation of NJWHL §34:11-56a25.

41. Defendants violated NJWHL §34:11-56a25 by firing Plaintiff after he objected to, and complained about, Defendants' unlawful wage practices.

42. Defendants knew that their actions constituted unlawful retaliation and/or showed reckless disregard for Plaintiff's statutorily protected rights.

43. As a consequence of Defendants' retaliatory actions in violation of the NJWHL, Plaintiff has suffered, is now suffering and will continue to suffer, irreparable injury and monetary damages, including lost wages, and is entitled to compensatory, liquidated, and punitive damages, as well as injunctive relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for relief as follows:

(a) Declaring that the acts and practices complained of herein are in violation of the FLSA and the NJWHL;

(b) Enjoining and restraining permanently the violations alleged therein, pursuant to 29 U.S.C. § 217 and the NJWHL;

(c) An award of damages, according to proof, including all damages which Plaintiff has sustained as a result of Defendants' conduct, including back pay, general and specific damages for lost compensation and job benefits he would have received but for Defendants' illegal conduct, FLSA and

        NJWHL liquidated damages, punitive damages, and interest, to be paid by Defendants;

(d)    Costs of this action incurred herein, including expert fees;

(e)    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and the NJWHL and other applicable statutes;

(f)    Pre-Judgment and post-judgment interest, as provided by law; and

(g)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which he has a right to a jury trial.

DATED: March 23, 2023        Respectfully submitted,

                                        s/ David Harrison  
                                    HARRISON, HARRISON & ASSOC., LTD  
                                    David Harrison, Esq.  
                                    110 State Highway 35, 2nd Floor  
                                    Red Bank, NJ 07701  
                                    Telephone: 888-239-4410  
                                    dharrison@nynjemploymentlaw.com

                                    Green Savits, LLC  
                                    Glen Savits, Esq.  
                                    25B Vreeland Road  
                                    Florham Park, NJ 07932  
                                    Telephone: (973) 695-7777  
                                    gsavits@greensavits.com  
                                    *Attorneys for Plaintiff*